UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANCISCO ALEXANDER HERNANDEZ VILLALOBOS #A208-979-886 | CASE NO.  1:26-CV-02894 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MELISSA B HARPER ET AL | MAGISTRATE JUDGE DAVID J. AYO |

MEMORANDUM ORDER

Before the Court is an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction [Doc. No. 3] filed by Petitioner, Francisco Alexander Hernandez Villalobos ("Petitioner").

For the following reasons, Petitioner's Motion is **DENIED**.

I.      Background

Petitioner is a native and citizen of El Salvador.[1] In 2013, Petitioner's parents fled to the United States due to imminent death threats,[2] leaving him and his siblings in the care of their maternal aunt. Petitioner's mother applied for asylum and withholding of removal on behalf of herself, Petitioner, and her other children.[3] In 2015, Petitioner entered the United States at nine years old and was briefly detained.[4] Immigration Custody Enforcement ("ICE") paroled him into the United

---

[1] [Doc. No. 1, p. 10].
[2] [Id. at p. 14].
[3] [Id.].
[4] [Id. at p. 15].

States and released him into his mother's custody.[5] Since then, he has lived in the state of Ohio.[6] In spring 2026, while walking to school, ICE agents stopped Petitioner.[7] They then arrested him and detained him at the Seneca County Jail.[8] On July 26, 2026, ICE agents informed him that he would be removed to El Salvador "any day now."[9] On July 28, 2026, Petitioner was transferred to Winn Correctional Center in Winnfield, Louisiana, where he remains.[10]

Petitioner filed this TRO, seeking to enjoin Respondents, their officers, agents, employees, and all persons acting in concert with them from (1) removing Petitioner from the United States, (2) transferring him out of the Western District of Louisiana, or (3) transferring him from Winn Correctional Center while his action is pending.[11]

The matter is ripe for ruling.

## II.   Law and Analysis

### A.   TRO

As another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-*

---

[5] [Id.].
[6] [Id.].
[7] [Id.].
[8] [Id.].
[9] [Id. at p. 16].
[10] [Doc. No. 3, p. 7].
[11] [Id. at pp. 1–2].

> *Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added). Here, to the extent Petitioner seeks notice for re-detainment, his Motion is merely "a motion to decide [Petitioner's] habeas petition now." *Id*. The Court finds no cause to bypass standard habeas procedures.

### B.    Request to Enjoin Transfer or Removal

To the extent Petitioner's Motion asks the Court to enjoin Respondents from transferring him, it fails because the Court is not stripped of jurisdiction over Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition")[12] if Petitioner is transferred to a detention facility in another federal court's territorial jurisdiction while this case is active. The Fifth Circuit holds that a transfer to another district does not affect a district court's personal jurisdiction over a petitioner's habeas petition because "[j]urisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Finally, to the extent Petitioner's Motion seeks to enjoin Respondents from removing him during these proceedings, the argument fails under statutory authority. First, the habeas statute requires that a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States" to obtain relief. 28 U.S.C. § 2241(c)(3). If a petitioner challenging the constitutionality of detention solely is removed, she is no longer "in custody," rendering the habeas petition moot.

---

[12] [Doc. No. 1].

Page 3 of 4

*Id.*; *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Second, § 1252(g) of the Immigration and Nationality Act ("INA") explicitly provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). If Petitioner is removed pursuant to an executed order of removal, this Court lacks jurisdiction to review that executive action in a habeas proceeding.

Since the preliminary relief Petitioner seeks—opportunity to secure counsel, prepare his asylum claim, and notice of re-detainment—mirrors the ultimate relief sought in Petitioner's Habeas Petition,[13] Petitioner's Motion for TRO is **DENIED**.

### III.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion for Emergency Temporary Restraining Order or Preliminary Injunction [Doc. No. 3] is **DENIED**.

MONROE, LOUISIANA, this 5th day of August 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[13] [Id.].